IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DARIUS O. HARDEN, | § | |
| | § | No. 290, 2017 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1305019629 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 20, 2018
Decided: March 1, 2018

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

## O R D E R

This 1st day of March 2018, the Court has carefully considered the State's motion for rehearing *en Banc* of our February 6, 2018 Opinion, which reversed the judgment of the Superior Court. A majority of this Court concludes that the motion for rehearing *en Banc* is without merit and should be denied.[1]

We make just one comment on the State's motion. In its motion, the State does not try to argue that defense counsel discharged his professional duties toward Harden adequately in terms of preparing him for his sentencing hearing. Instead, the motion focuses exclusively on the argument that there is no reasonable probability that if Harden's counsel had performed adequately in preparing for the

---

[1] *See* Supr. Ct. Internal Op. Proc. XVII(4) (providing for a majority vote to grant rehearing).

sentencing hearing, Harden would have received the exact sentence the State was advocating—15 years—rather than the 18 years Harden got. Given that the reasonable probability standard does not mean more likely than not,[2] given the respect that courts traditionally show in considering recommendations made by the State in the sentencing context, and given the deference courts typically show to good faith plea bargains, we do not see a rational basis for the State's contention that the very sentence for which they advocated at the hearing would not have been a reasonably probable outcome of Harden's sentencing hearing had his counsel implemented a reasonable strategy to take advantage of the favorable plea his predecessor had secured.

NOW, THEREFORE, IT IS ORDERED that the motion for rehearing *en Banc* is DENIED.

FOR THE MAJORITY:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *Strickland v. Washington*, 466 U.S. 668, 693–94, 96 (1984) ("[A] defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case . . . . [A] court making the prejudice inquiry [in a *Strickland* claim] must [instead] ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.").

**VALIHURA**, Justice, dissenting, with **VAUGHN**, Justice, joining:

Given the firm stance of the three justices who heard this case as the original Panel, we see no point to a rehearing. But we respectfully dissent in the denial of rehearing en banc only to make clear that we would have voted to affirm the Superior Court's denial of post-conviction relief. The Superior Court found that, even assuming Harden could show that his counsel's performance at his sentencing hearing could satisfy *Strickland*'s first prong,[3] Harden had failed to show a reasonable probability that, but for defense counsel's unprofessional error, the outcome of the proceeding would have been different. The Panel declines to defer to that judgment.

As our colleagues on the Panel acknowledged, the trial judge "was well prepared for the sentencing, knew the record, and gave a reasonable sentence in light of the record before her."[4] Further, this same trial judge considered Harden's Rule 61 petition and, thus, was well-suited to determine whether or not, even assuming the performance of Harden's counsel fell below an objective standard of reasonableness, there was a reasonable probability of a different sentencing outcome. Accordingly, she was in the best position to know whether it was reasonably probable that she would have given Harden a different sentence. As this

---

[3] *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (noting that counsel's performance satisfies the first prong of the two-part test for an ineffective assistance of counsel claim by falling "below an objective standard of reasonableness").

[4] *Harden v. State*, --- A.3d ----, 2018 WL 716854, at *11 (Del. Feb. 6, 2018).

Court explained in *Neal v. State*, "[t]he likelihood of a different result must be substantial, not just conceivable."[5]  Indeed, the Commissioner similarly observed when reviewing Harden's motion, "under *Strickland*, the 'probability' of a different outcome does not mean a mere 'possibility'—it is a higher standard."[6]

The trial judge found ample reason to impose a sentence that exceeded the State's recommendation, and she reaffirmed this view in evaluating Harden's petition for postconviction relief.  Specifically, the trial judge agreed with the Commissioner's findings of fact and recommendation, which included the Commissioner's rejection of Harden's claim of prejudice under *Strickland*.  The trial judge found Harden's claims of prejudice "hypothetical at best," and expressly stated that Harden could not show how his allocution would have changed the Court's decision regarding the sentence.[7]  In rejecting Harden's request for post-conviction relief, the trial court emphasized that, prior to the sentencing hearing, it "had a presentence investigation conducted that probed the criminological background to Defendant's underlying conviction" and, as a result, the court "was well aware and amply prepared to impose what it considered an appropriate sentence in this case."[8]

---

[5] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013).
[6] *State v. Harden*, 2017 WL 698506, at *4 (Del. Super. Feb. 21, 2017).
[7] *State v. Harden*, CID Nos. 1305019629 and 1312003017, at 11-12 (Del. Super. June 19, 2017) (Notice of Appeal Exhibit A) [hereinafter Super. Ct. Rule 61 Opinion].
[8] *Id.* at 12.

Even the Panel acknowledged that the record unquestionably supports the departure from the State's recommended sentence.[9] The Panel, again, points out that "[t]he same judge who presided over Harden's sentencing hearing heard Harden's objections to the Commissioner's recommendation and issued a thorough decision explaining why she agreed that his petition should be dismissed."[10] Under these circumstances, we believe that this Court should have deferred to the Superior Court's determination that Harden was not prejudiced by his sentencing counsel's performance and that Harden failed to demonstrate the requisite probability of a different outcome.

In imposing the sentence, the trial judge did comment on Harden's failure to express remorse. Harden, who had kicked and punched his girlfriend in her face, stomach, and ribs—fracturing her nose and knocking out her teeth in front of her five-year-old son— focused on himself during his allocution and how *he* had "lost a lot this year." Although the Panel acknowledges the brutality of this attack and Harden's "horrific record of violence,"[11] the Panel hints, or perhaps more overtly suggests, that the sentencing judge reacted emotionally,[12] and that "there is a

---

[9] *Harden*, 2018 WL 716854, at *6 ("There is no question that there is plenty of evidence in the record to justify an 18-year sentence."). Further, as the Commissioner's report observed, "[i]n the context of Harden's case, the judge cited a list of serious aggravating factors to justify her decision to impose Level V time beyond what the State was asking for. In fact, the judge could have legally imposed a sentence of up to life in prison, but did not." *Harden*, 2017 WL 698506, at *4.

[10] *Harden*, 2018 WL 716854, at *5.

[11] *Id.* at *9.

[12] The Panel states that "there is an inescapably human element to sentencing," and that, "[a]s one judge put it, '[e]motion comes into play in every sentencing decision.'" *Id.* at *10.

reasonable *probability* that the sentencing judge's disturbance by Harden's lack of remorse influenced [Harden's] sentence."[13]  This is principally where we part company with our colleagues:  we would give the trial judge credit that she did not react emotionally and, instead, we would credit her careful determination (buttressed by the Commissioner's independent review) that she would have given the same sentence.

Moreover, as the trial judge stated, "[s]etting aside Defendant's failure to express remorse, Defendant is simply unable to prove prejudice under *Strickland* where the Court's three other aggravating factors bore no relation to Defendant's defaulted opportunity to express true remorse for his conduct."[14]  For this additional reason, we would defer to that trial judge's decision to deny Harden the relief he now seeks.

Here, Harden told the court how he really felt in an unvarnished way.  The Panel concludes that "the record suggests that Harden wished to say he was sorry, as he attempted to do so during his allocution, but he was unable to do so in a way that the trial judge deemed genuinely remorseful."[15]  But it is possible, as the Commissioner observed, that an alternative performance at allocution, as scripted or coached by defense counsel, would have been viewed by the court as "contrived

---

[13] *Id.* at *11 (emphasis added).
[14] Super. Ct. Rule 61 Opinion, *supra* note 5, at 16.
[15] *Harden*, 2018 WL 716854, at *8.

and disingenuous."[16] The Panel alternatively suggests that, if counsel concluded that Harden could not "express contrition in a sufficiently clear and convincing way," then perhaps Harden and his counsel should have agreed to let counsel convey Harden's "sincere apologies" and that he "is deeply sorry for what he did to the victims."[17] The problem we have with this suggestion is that, if Harden is not able to convince his counsel that he is truly sorry, then counsel's representation to the sentencing judge that Harden is truly sorry is likely neither truthful nor sincere.

One more point: if the Panel's result stands, we see no reason to send it to a different judge given that, as the Panel acknowledges, the trial judge did nothing wrong. Nor is there any suggestion here that she could not fairly consider this matter on resentencing. Absent such a showing, we do not agree that the potential "taint" of the counsel's supposedly inadequate representation should necessitate a reassignment of the trial judge.

---

[16] *Harden*, 2017 WL 698506, at 5.
[17] *Harden*, 2018 WL 716854, at *8.

7